UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SREAM, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHARIF ABDELFATTAH, RAJ CHOUDHARY, AND RICARDO ESTRADA, <br><br> Defendants. | Case No. 8:16-CV-00037 JLS (DFM) <br><br> **PERMANENT INJUNCTION** <br><br> **DEFENDANT ABDELFATTAH** |

Pursuant to the stipulation of the parties, the Court:

(1)    Makes the following findings of fact and conclusions of law;

(2)    Issues the PERMANENT INJUNCTION set forth herein;

(3)    Finds that Plaintiff and Defendant Abdelfattah have waived their right to appeal this Permanent Injunction; AND

(4)    Retains jurisdiction over all disputes between or among the parties that arise out of the Settlement Agreement, the parties' Stipulation, and this Permanent Injunction, including but not limited to interpretation and enforcement of the terms of the Settlement Agreement.

# PERMANENT INJUNCTION

Plaintiff Sream, Inc. ("Sream" or "Plaintiff") filed suit against Defendant Sharif Abdelfattah ("Abdelfattah"), alleging that Abdelfattah violated Sream's rights under 15 U.S.C. §§ 1114, 1116, 1125(a), (c), and (d), and Cal. Bus & Prof. § 17200 et seq. ("Action"), and the parties entered into a settlement agreement in February 2016. For the purposes of binding preclusive effect on Abdelfattah as to future disputes between Abdelfattah and Sream, and only for such purposes, Abdelfattah admits the following:

a. Mr. Martin Birzle is now, and has been at all times since the dates of issuance, the owner of United States Trademark Registration Nos. 2,235,638; 2,307,176; and 3,675,839 (the "RooR Marks") and of all rights thereto and thereunder.

b. The RooR Marks are valid and enforceable.

c. Since at least 2013, Plaintiff Sream has been the exclusive licensee of the RooR Marks in the United States. Mr. Birzle has been granted all enforcement rights to Sream to sue for obtain injunctive and monetary relief for past and future infringement of the RooR Marks.

d. Abdelfattah, by the actions described in the complaint, has infringed upon the RooR Marks.

THEREFORE, on these stipulated facts, the Court hereby ENJOINS Defendant Abdelfattah and those acting on his behalf, including his agents, servants, employees, independent contractors, and partners, from producing, manufacturing, distributing, selling, offering for sale, advertising, promoting, licensing, or marketing: (a) any product bearing the RooR Marks or (b) any design, mark, or feature that is confusingly similar to the RooR Marks.

1 Abdelfattah and those acting on his behalf are bound by this Permanent
2 Injunction regardless of whether Mr. Martin Birzle assigns or licenses his intellectual
3 property rights to another and continues for so long as such trademark rights are
4 subsisting, valid, and enforceable. The Permanent Injunction enures to the benefit of
5 Mr. Martin Birzle's successors, assignees, and licensees.

**IT IS SO ORDERED.**

**DATED:** April 11, 2016

_____
The Hon. Josephine L. Staton
United States District Judge